(26 Misc. Rep. 332.)

## ZANGEN v. KRAKAUER YOUNG MEN'S ASS'N, NO. 1.

(Supreme Court, Special Term, New York County. February, 1899.)

1. BENEFICIAL ASSOCIATIONS—EXPULSION OF MEMBER—NOTICE.

    Where an article of a beneficial association provided that a member changing his residence should give notice thereof to the secretary, and that on failure so to do he should be liable to a fine, such failure did not relieve the society from the duty of notifying the member before expulsion.

2. SAME—SUFFICIENCY OF CHARGES.

    Where the constitution of a beneficial society provides that charges against a member shall be definite and specific, a charge that a member, when elected, had been affected with a chronic disease, was not sufficiently definite on which to base proceedings for expulsion.

3. SAME—EVIDENCE.

    On trial of a member, evidence of statements of witnesses, who were not brought before the committee as a body, but who talked with them as individuals, is insufficient as a basis for expulsion.

4. SAME—SUFFICIENCY OF NOTICE.

    A provision of the constitution of a beneficial society that, if defendant fails to appear after written notice of proceedings for expulsion, he shall be notified personally by messenger, however unreasonable, must be complied with in the case of a member who is out of the county.

Action by Jacob Zangen against the Krakauer Young Men's Association, No. 1. Judgment for plaintiff.

August P. Wagener, for plaintiff.
Charles I. Schampain, for defendant.

WERNER, J. No question having been raised as to plaintiff's right to proceed in a court of equity, we shall dispose of the case upon the merits. The defendant is an association formed "for the purpose of affording mutual assistance in case of sickness," and giving proper attention to the burial of deceased members. The plaintiff became a member of the defendant on the 26th day of February, 1896, and signed the usual statement that he would be bound and abide by the constitution, rules, and regulations of the defendant. On the 26th of August, 1896, the plaintiff went to his birthplace, in Austria, for his health, without notifying the defendant of his temporary change of residence. In December, 1896, the plaintiff made application, by letter, for 13 weeks' sick benefits on account of the illness with which he had been afflicted since his departure from New York, in the previous August. On the 6th day of February, 1897, defendant's secretary wrote and mailed to plaintiff a letter (Exhibit B), in which the latter was advised that the defendant would refuse to pay the sick benefits demanded, on the grounds that plaintiff had failed to notify the defendant of his departure for Europe, and to consult the association physician as to his physical condition and the purpose of his trip abroad. In this same letter, the plaintiff was informed that a committee had been appointed to examine his case, and that at a meeting of the defendant, held on the 24th day of January, 1897, said committee had reported that the plaintiff was ill at the time of his election to membership in the defendant, and had concealed the true state of his health, and that in consequence of these

facts the plaintiff had been suspended.   This letter states that the proceedings referred to had been taken pursuant to article 2, §§ 1, 2, of defendant's constitution, and that "the committee will act according to these laws," and concludes with a notification requiring the plaintiff to appear "before a special committee, at latest, by March 28th inst., and show sufficient grounds why you should not be expelled."

The records of the defendant, as proven in court, show that a committee of three members was appointed by the defendant, who, on the 21st day of January, 1897, reported that from various sources they had learned certain facts regarding plaintiff's health at the time of, and prior to, his election to membership in the defendant, which required the defendant to deal with the plaintiff in accordance with the constitution.   On the 24th day of January, 1897, a second meeting of said committee was held, and it was decided to prefer charges against the plaintiff.   In the translation furnished to the court these are as follows:

"(1) The reasons are that Dr. Riedel informed members that he attended to Mr. Zangen for the last four or five years past, who was suffering from a chronic disease.   (2) Also, when Mr. Zangen resided at 137 Delancey street, he was sickly, and remarked before Mr. Winsig that, on account of sickness, the doctor prohibited him to cohabit with his wife, and in fact he did not cohabit with his wife for a certain length of time.   (3) Before Dr. Dorfman, Mr. Zangen, after he became a member of said society, stated that he was affected with a chronic disease before he entered the society.   (4) Under the circumstances, we request the society to act against Mr. Zangen lawfully."

On the 28th day of March, 1897, said committee made the following report of their proceedings (Exhibit No. 4):

. "The lawful time granted Brother Zangen expires to-day, and, as Brother Zangen failed to appear before the committee to state reasons why he should not be expelled and stricken from the roll, the witnesses having proven that he is guilty, the undersigned recommends to the society to use the legal proceedings against him according to our constitution, and strike the brother from the list of membership."

On the 5th day of April, 1897, the plaintiff was notified of his expulsion at a meeting of the defendant which had been held on the day before.

The provisions of the defendant's constitution and by-laws which are invoked in support of plaintiff's expulsion are sections 1 and 2 of article 2.   That portion of section 2, which is material to the present inquiry, reads as follows: "If a candidate has been accepted, and it is afterwards found that he has made false statements or does not come up to the requirements of section 1, he shall submit to a trial by a special court of inquiry, and abide by its verdict, even though it carries with it the extreme penalty."   But article 9 must be read in connection with section 2 of article 2, for the purpose of determining the question whether defendant's proceedings herein were regular or not.   Section 2 of article 9 provides that "charges against a member which are punished by suspension or expulsion must be brought in in writing in 'duplo' and itemized.   If the majority decides to receive the same, the secretary shall transmit a copy of the charges to the accused."   Section 3 provides that, "should the defendant fail to appear for trial after a written notification, the case shall be post-

poned for another date, and the defendant shall be notified personally by the messenger. Should he then fail to appear without sufficient excuse, he shall be declared guilty, and punished according to the laws of the association." Section 7 provides that "the accused and the plaintiff have the right to secure attorneys, who must, however, be members of the society. They shall not be permitted to speak during the examination of witnesses, but they may thereafter, however, cross-examine the witnesses." Section 7 of article 10 provides that "changes of residence shall be notified to the secretary within a week thereafter. A member failing to do so is liable to a fine of twenty-five cents." There is some conflict of testimony whether the charges (Exhibit No. 3) were ever transmitted to the plaintiff or not. The weight of evidence in this regard seems to favor plaintiff's contention, who says he never received any communication from defendant, except Exhibit B. Defendant's secretary testified that he thought he had mailed a paper which he identified in court, but this was Exhibit No. 2, which is the committee's preliminary report.

If we assume that no notice was ever given to plaintiff except that contained in Exhibit B, then the case comes within the rule of Wachtel v. Society, 84 N. Y. 28, where it was held that the failure of a member to give notice of a change of residence does not relieve the society from the duty of notifying the member before expulsion, and especially when, as in this case, there is the penalty of a fine provided for in case of such failure.

But, even if the defendant should be held to have established service of a copy of the paper (Exhibit No. 3) upon the plaintiff, it seems quite clear that the defendant did not proceed in accordance with its laws in the expulsion of the plaintiff. In the first place, the charges are not definite and specific, as the letter and spirit of defendant's constitution require they should be. The report of the committee shows that it was based upon information obtained from various persons at different places. There is no evidence before the court to indicate that any of these persons were called as witnesses at the time and place at which the plaintiff was cited to appear. Indeed, the only reference to "witnesses" is found in the statement of the committee, dated March 28, 1897. The conclusion is almost irresistible, from the evidence upon this point, that the committee relied entirely upon the statements of witnesses who were not brought before the committee as a body, but talked with them as individuals.

Defendant's constitution (article 9, § 6) provides that, if the member fails to appear after a written notification, "the case shall be postponed for another date, and the accused shall be notified personally by the messenger." However unreasonable, and even impossible, it may be for the defendant to comply with this law in a given case, it is the defendant's own law, and it has no just cause for complaint if a member who claims to have been unlawfully expelled takes refuge behind it. All proceedings of a society in the expulsion of any of its members must be in substantial accordance with the letter of its laws. Bacon, Ben. Soc. § 101, and cases cited.

We shall not assume to decide in the present case whether facts exist which render the plaintiff liable to expulsion in proceedings

properly instituted and conducted. Nor shall we determine whether the plaintiff, even when restored to membership, is entitled to sick benefits or not. We simply hold that the expulsion is illegal because the plaintiff did not have due notice to appear and opportunity to be heard as provided by defendant's constitution, and that he is therefore entitled to be reinstated. Let judgment be prepared and submitted for plaintiff, with a provision for the usual statutory costs, without extra allowance.

. Judgment for plaintiff, with costs, without extra allowance.