ROSA WACHTEL, as Administratrix, etc., Respondent, *v.* THE NOAH WIDOWS AND ORPHANS' BENEVOLENT SOCIETY, Appellant.

An association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the member, or without giving him an opportunity to be heard.

*It seems* that in the absence of any agreement by the members or any provision in the charter or by-laws for a different mode of service, notice should be served personally.

One of defendant's by-laws provided for giving written notice to any member in arrears six months for dues, calling his attention to the fact that he will be stricken from the roll in case he does not pay his dues. Another by-law imposed a fine for an omission of a member to give notice to the association of a change of residence. At the time of joining, plaintiff's intestate gave notice of his then place of residence; he subsequently changed his residence but did not give notice. Because of failure to pay his dues he was struck from the rolls. No notice was given him as provided by the by-laws. In an action brought to recover the sum provided by defendant's by-laws to be paid on the death of a member, *held*, that plaintiff was entitled to recover; that the omission of the deceased to give notice of change of residence was no excuse for a failure to give him the prescribed notice.

(Argued January 26, 1881; decided February 1, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 18, 1880, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought by plaintiff, as administratrix of David Wachtel, deceased, against defendant, a benevolent association, organized under the laws of the State of New York, to recover the sum of $560, which defendant, by its constitution, agreed to pay, upon the death of a member, to his personal representatives.

The defense was that the deceased had been, prior to his death, expelled from the association for non-payment of dues.

The facts appear sufficiently in the opinion.

*A. J. Dittenhoefer* for appellant.  The deceased having made it impossible to serve notice of arrearage personally, such non-service does not invalidate the expulsion, provided due diligence in trying to make the service is shown.  (Story on Bills, p. 344, § 299; *Summers* v. *Belt*, 35 Mo. 461; 1 Parsons on Bills, 329; 3 Kent's Com. 153; *Hunt* v. *Maybee*, 3 Seld. 266; *Bateman* v. *Joseph*, 2 Camp. 462; *Rhett* v. *Col.*, 15 Curtis, 164, Sup. Ct. Dec.; *Dickens* v. *Beal*, 10 Peters, 246; *S. C.*, 12 Curtis, 253; *Williams* v. *The Bk. of the U. S.*, 2 Peters, 96; *Ransom* v. *Mack*, 2 Hill, 587; *Van Vechten* v. *Pruyn*, 13 N. Y. 551.)

*Ferdinand Kurzman* for respondent.  As regards the passage of the amendments of its by-laws, the defendant must show affirmatively and in detail that all its proceedings were regular and legal.  (*Green* v. *African M. E. S.*, 1 S. & R. 254; *Rex* v. *Mayor of Liverpool*, 2 Burr. 732; *Baggs' Case*, 11 Coke, 99.)  There is no presumption that the absent members of a corporate body know what is done at a stated meeting, so as to charge them with notice of any thing there transacted contemplating future action at a time other than that of a stated meeting, and notice should be given.  (*People* v. *Batcheler*, 22 N. Y. 128.)  If the charter requires a special notice it cannot be dispensed with even by consent.  (*Rex* v. *Theodorick*, 8 East, 543.)  As regards expulsion, a member cannot be expelled for any cause, unless duly notified to appear and given an opportunity to be heard.  (Angell & Ames on Corp., § 420; *Southern Pl. R. Co.* v. *Hixon*, 5 Ind. 165; *Commonwealth* v. *St. Pat. Ben. So.*, 2 Binn. 448; *State* v. *Adams*, 45 Mo. 570; *People* v. *San Francisco Ben. Soc.*, 24 How. 216; *Bartlett* v. *Med. Soc.*, 32 N. Y. 187; *People* v. *Sailors' Snug Harbor*, 5 Abb. [N. S.] 119; *People ex rel. Doyle* v. *N. Y. Ben. Soc.*, 3 Hun, 361; *Diligent Fire Ins. Co.* v. *Comm.*, 75 Penn. St. 291; 24 How. 216; 32 N. Y. 187; *Jones* v. *Wylie*, 1 Car. & P. 257, 264; *People ex rel. Elliott* v. *N. Y. Cotton Ex.*, 8 Hun, 216, 220; *Leech* v. *Harris*, 2 Brewst. [Penn.] 571; Field on Corp., § 65; Angell & Ames on Corp., § 420,

etc.) It is a case of property, of legal rights, and if there had been a by-law that any member might be expelled by a vote of the society, in his absence and without notice, such by-law would have been illegal. (*People* v. *San Francisco Ben. Soc.*, 24 How. 219.)

DANFORTH, J. It is well settled that an association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the person charged, or without giving him an opportunity to be heard. (Ang. & Ames on Corp., § 420; *People ex rel. Bartlett* v. *Med. Soc.*, 32 N. Y. 187; *Com.* v. *Penn. Ben. Ins.*, 2 Serg. & R. 141; *Innes* v. *Wylie*, 1 C. & K. 257). This general rule of law is recognized by the defendant's by-law as applicable to one who from any cause should fail to pay his monthly contribution. It is in these words: "The financial secretary shall give to each member who is six months in arrears a written notice, calling his attention to the fact that he shall be stricken from the roll in case he does not pay his dues in thirty days." It is admitted that the deceased was in arrears, but it is established as a fact that the notice provided for in such a case was not given to him. It is said, however, by the learned counsel for the appellant, that this omission was caused by the failure of the deceased to give notice to the association of his change of residence. It does not appear that he was under any obligation to do so. At the time he became a member of the society, he notified it that his then place of residence was 41 First street, in the city of New York, but he subsequently removed to East Eighteenth street. There is nothing to show that the object of the information as to residence was to enable the defendant to serve its notice at that place, or that the deceased agreed that they might be left at his house. There are many other reasons why it would be well for such an association to know the residence of its members; but however that may be, the defendant, by another by-law, defined the penalty for neglect in giving notice of a change of residence. It declares that for such omission the member in default shall incur a

fine of twenty-five cents. It would lead to a most unjust result, if there should be added, a forfeiture of the whole benefit to which his representatives are, in case of his death, entitled. Such consequence is not declared and cannot be implied by any legal construction. In the absence of any agreement by the member, or any provision in the charter or by-laws, for a different mode of service, it should be made personally, as required at common law, where the object is to deprive a party of his rights or property; or if that can be dispensed with, then in such other mode as will be most likely to effect its object. Here there was no service, and the court has found that its omission is not excused. This conclusion is well warranted by the facts found, and the judgment should be affirmed.

All concur.

Judgment affirmed.