The People ex rel. Thomas R. Deverell, Respondent, *v.* The Musical Mutual Protective Union, Appellant.

In proceedings by *mandamus,* to compel a restoration of the relator to membership in defendant's organization on the ground that he had been unlawfully expelled, the following facts appeared :  By defendant's charter (chap. 168, Laws of 1864, as amended by chap. 321, Laws of 1878) it is provided that it may make by-laws, and that any member violating them may be expelled after being afforded an opportunity to be heard in his defence in such manner as the by-laws shall prescribe. The by-laws provide that it shall be the duty of defendant's board of directors to investigate all charges against members ; that any member bringing a charge against another shall be required to appear personally and substantiate his charge ; that the secretary shall notify the parties to appear, and if either party fail to appear, a default shall be taken, or a postponement shall be had until the next meeting of the board upon the written request of either party, fully stating acceptable reasons ; also that no expulsions shall be made except on charges preferred, a copy of

which shall be served upon the member charged and he given a reasonable opportunity for his defense.. A member made a charge in writing against the relator, founded upon two letters written by him. A copy of the charges were not served upon the relator, but he was served with a notice to attend a meeting of the board of directors on a date named, to then answer why he should not be fined or expelled from membership. He appeared, the letters were exhibited to him and he admitted having written them, but denied jurisdiction in the board to try him on account of anything contained in them. The relator asked and was informed who made the charges against him. After calling attention to the fact that that member was not present he withdrew without asking for a postponement. He therafter received notice that he had been expelled. *Held,* that the relator's appearance was not a waiver by him of the requirements of the by-laws, or recognition of the right of the board to proceed without observance of the regulations; that his expulsion was illegal and he was entitled to a peremptory *mandamus* for his reinstatement; and that a return having been made to an alternative writ, damages were properly allowed in the final order, for loss suffered in consequence of his expulsion. (Code Civ. Pro., § 2088.)

It appeared that by reason of his non-membership, after expulsion, the relator was discharged from the service in which he was engaged. *Held,* that this was the proximate result of the cause of which he complained, and as such furnished a ground for the award of damages, and that the conclusion of the trial court, as to the amount, was not reviewable here. *Leeds* v. *M. G. L. Co.* (90 N. Y. 26), distinguished.

Defendant's by-laws authorized the society to reinstate an expelled mem. ber by a two-thirds majority of all members present, after having paid all dues and fines standing against him, and an extra fine of fifty dollars, and that applicants for reinstatement must pass an examination the same as those for original membership. *Held,* that relator was not required to exhaust to the means so provided for re-instatement before resorting to a *mandamus;* that those provisions relate to cases of expulsion supported by proceedings lawfully conducted and where the appeal is to the discretionary power of the society.

(Argued December 5, 1889; decided December 20, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 23, 1886, which affirmed a judgment in favor of the relator entered upon the decision of the court on trial without a jury.

The nature of the proceeding and the material facts are stated in the opinion.

*Horatio C. King* for appellant. The board acquired juris-
diction of the person of the relator. (*Allen* v. *Malcom*, 12
Abb. [N. S.] 335; *People* v. *Underwriters*, 7 Hun, 248, 252,
253; *People* v. *N. Y. C. Ass'n.*, 18 Abb. Pr. 271, 283, 284.)
All that the relator was entitled to by law and by the consti-
tution and by-laws of the society was an *opportunity* to be
heard. (*People* v. *Underwriters*, 7 Hun, 248, 252, 253.;
*Lambert* v. *Addison*, 46 L. T. Rep. 20, 24; 16 Am. L. Rev.
427; *Loubat* v. *Leroy*, 15 Abb. N. C. 33.) The question is
whether defendant did not have the power and jurisdiction to
determine that the relator exercising such right in the *partic-
ular offensive manner he did* and complained of, was guilty
of a violation of "good faith and fair dealing." That subject
was committed by the legislature and constitution of the
defendant to the determination and jurisdiction of the society.
(Laws 1878, chap. 321, § 1; *People* v. *Underwriters*, 7 Hun,
248, 252, 253; *People* v. *Com. Council*, 78 N. Y. 33; *Hunt*
v. *Hunt*, 72 id. 228, 229; *Lange* v. *Benedict*, 73 id. 27.)
Relator had an adequate, legal, specific *remedy* by an *appeal*
to the *society* at large at any regular quarterly meeting, and,
therefore, under well established rules he was not entitled to
the remedy by *mandamus* until after he had first exhausted
that by appeal in the organization. (*La Fond* v. *Deems*, 81
N. Y. 508, 514; *Poultney* v. *Backman*, 31 Hun, 49; *Har-
rington* v. *Ass'n.* 27 Alb. L. J. 438; High on Ext. Rem. §§ 16,
179, 429.) It was error to allow the relator the $400 as dam-
ages. (*Rector* v. *Clark*, 78 N. Y. 21, 23; *Burke* v. *St. John*,
25 Hun, 541; High on Extr. Rem. § 301; *In re Paine*, 1
Hill, 665; *King* v. *Griffiths*, 5 B. & Ald. 731; *Marion, S. etc.*
v. *Com.* 31 Penn. St. 82; *Leeds* v. *M. G. Co.*, 90 N. Y. 26;
*Gill* v. *N. Y. C. Co.*, 48 Hun, 527; *Searles* v. *M. R. R. Co.*
23 W'kly Dig. 150; *Ihl* v. *F. S. S.R. R. Co.*, 47 N. Y. 318.)

*W. Wickham Smith* for respondent. If any provision of
the constitution or by-laws of the defendant corporation
relating to expulsion was substantially violated by defendants
in the proceeding which resulted in the expulsion of the

respondent, that expulsion was illegal, and he was entitled to a peremptory *mandamus* for his restoration. (Bagg's Case, 11 Coke, 93 ; *Comm.* v. *S. P. P. Society*, 2 Binn. 441 ; B. B. Ass'n Case, 35 Penn. St. 151 ; Ben. Ass'n Case, 38 Pa. 299. *People ex rel.* v. *Med. Soc.*, 24 Barb. 570 ; *People* v. *Med. Soc.*, 32 N. Y. 185 ; *Schweiger* v. *Society*, 13 Phila. 113 ; *People* v. *S. F. B. Society*, 24 How. Pr. 316 ; *People* v. *S. S. Harbor*, 5 Abb. [N. S.] 119 ; *White* v. *Brownell*, 2 Daly, 329 ; *Hutchinson* v. *Lawrence*, 67 How. Pr. 38 ; *Loubat* v. *Leroy*, 40 Hun, 546 ; *People ex rel.* v. *M. P. Union*, 47 Hun, 273 ; *Commonwealth* v. *G. Society*, 15 Pa. St. 251 ; *Wachtel* v. *N. W. & O. Ass'n*, 84 N. Y. 28 ; *People* v. *Am. Institute*, 44 How Pr. 468 ; *M. & S. Soc.* v. *Weatherly*, 75 Ala. 248 ; *Rochler* v. *M. A. Soc.*, 22 Mich. 87 ; *Murdock* v. *Phillips Acad.*, 12 Pick. 244 ; *Fisher* v. *Keane*, L. R. [Ch. Div.], 353 ; *Labouchere* v. *Earl of Wharncliffe*, L. R. [13 Ch. Div.], 346.) The non-service of the charge was not waived by the appearance of relator at the time and place specified in the notice to ascertain the nature of the complaint against him, and the board did not thereby acquire jurisdiction. (*Labouchere* v. *Earl of Warncliffe*, L. R., 13 Ch. Div. 346 ; *March* v. *Huron College*, 27 Grant's Ch. 305 ; *Downing* v. *C. Soc.*, 10 Daly, 262 ; *People ex rel.* v. *M. M. P. Union*, 47 Hun, 273.) Under article 3, section 9 of the by-laws of the corporation, this case should have been dismissed by default for the failure of the prosecutor to attend, and the board had no jurisdiction to proceed further with the matter. (*Hutchinson* v. *Lawrence*, 67 How. Pr. 47 ; *Loubat* v. *Leroy*, 40 Hun, 546.) There was no remedy left to relator within the corporation, failure to pursue which disentitles him to relief by *mandamus*. (*Merischeim* v. *M. M. P. Union*, 47 Hun, 273.) Relator was entitled to have the damages sustained by him by reason of defendant's false return to the alternative writ assessed and awarded in this proceedings. (3 Blackst. Com., chap. 7, pp. 110, 264 ; 1 Evan's Stat. 176 ; Code Civ. Pro., §§ 2067, 2090 ; *People ex rel.* v. *Super.*, 28 N. Y. 112 ; *People* v. *Batchellor*, 53 id. 128 ; *Marion Soc.* v. *Comm.*, 31 Penn.

St. 82.) The finding of the court as to the amount of the damages is not reviewable in this court. (*Field* v. *Munson*, 47 N. Y. 221; *Ihl* v. *R. R. Co.*, Id. 317; *Baker* v. *Spencer*, Id. 562; *Bryce* v. *L. F. Ins. Co.*, 55 id. 240; *Pratt* v. *N. Y. C. Ins. Co.* Id. 505; *Marvin* v. *B. I. M. Co.*, Id. 538; *Maher* v. *R. R. Co.*, 67 id. 52; *Smith* v. *Truslow*, 84 id. 60.)

Bradley, J. The defendant was incorporated by Laws of 1864, chapter 168, to which an amendment was added by Laws of 1878, chapter 321. Its object was "the cultivation of the art of music in all its branches, and the promotion of good feeling and friendly intercourse among the members of the profession, and the relief of such of their members as shall be unfortunate, * * * and the establishment of a uniform rate of prices to be charged by members of said society, and the enforcement of good faith and fair dealing between its members." It is also provided that the defendant may make by-laws, and that any member violating any of them may be expelled from the society (after being afforded an opportunity to be heard in his defense) in such manner as it may by its by-laws prescribe. The relator was expelled from the society on July 31, 1885, by its board of directors. This proceeding by alternative writ of *mandamus* instituted for the restoration of the relator to his membership of the defendant, was founded mainly upon the ground, alleged by him, that his expulsion was improperly made in this, that it was done without trial or opportunity given him to be heard. The character of the charges upon which the action of the board of directors was founded, was not the subject of consideration of the court below. The only question here has relation to the proceedings taken with a view to the result given by the action of the board. And its disposition is dependent upon the result of the inquiry whether the board of directors acquired jurisdiction of the person of the relator in the proceedings had for his expulsion. This depends upon the facts found by the trial court, so far as they have the support of evidence, having in view the by-laws of the society, by which it is provided that it shall be the duty of the

board of directors to investigate all charges against members; that any member bringing a charge against another member before the board, shall be required to appear personally and substantiate his charge; that the secretary shall notify the parties to appear, and if either party fail to appear the case shall go by default, or be postponed to the next meeting of the board upon the written request of either party fully stating the reasons acceptable to the board; and that a member may be expelled for the non-observance of its constitution, by-laws or rules, but that no such expulsion shall be made except on charges preferred, a copy of which shall be served upon the member so charged, and such member shall have a reasonable opportunity for his defense. One of the objects of the union, as stated in its constitution, is the enforcement of good faith and fair dealing between its members.

The charge made against the relator was founded upon two letters, written by him having in view, as alleged, the displacement, from his position in a musical band, of one of the members of the defendant and the procurement of such position for himself. The charges as made by the member were not served upon him. This was a substantial jurisdictional defect in the proceedings taken for his expulsion, and rendered it void unless such omission was in some manner obviated. It is contended on the part of the defendant that such service of the charges was waived by the relator, and upon that contention arises the main question for consideration. The relator was served with a notice of the secretary summoning him to attend a meeting of the board of directors on the 24th of July, 1885, to then answer why he should not be fined or expelled from membership. He then appeared. · The letters he had written were then exhibited to him, the writing of which he admitted, and stated that they were private letters with which the board had nothing to do, and that he denied its jurisdiction to try him on account of anything contained in such letters. The secretary then said to him "That is all." Thereupon the relator asked, and was informed, who made charges against him. The member by whom the charges

Opinion of the Court, per BRADLEY, J.

were made was not present and, after calling attention to that fact, the relator withdrew without making any request for the postponement of the matter.   He received no further notice of it until August sixth, when the notice that he was expelled July thirty-first was served on him.   It also appears that the charges were made by the member against him in writing. Upon this state of facts, found by the trial court, it was as conclusion of law determined, that by reason of the failure to serve the relator with a copy of the charges, the board of directors acquired no jurisdiction of the person of the relator; that the proceedings were irregular and void, and that he was entitled to a peremptory *mandamus* for his restoration, and to recover $400 damages, and judgment was directed accordingly with fifty dollars costs.   There was some evidence to support the facts found by the trial court.   If the relator, when he appeared pursuant to the summons served on him, had submitted himself to the jurisdiction of the board of directors in the matter, it would have been a waiver of the necessity of serving him with the charges.   This a party may do when summoned to appear before any tribunal having jurisdiction of the subject-matter involved.   But in view of the facts which the court was permitted to, and did find upon supporting evidence, was there any submission of the relator to the jurisdiction of the board?   He denied the jurisdiction and, observing the absence of the member who had made the charges, he went away.   This furnished no fair opportunity to suppose that it was unnecessary to observe any step in the proceeding, made requisite by the by-laws to its jurisdiction. It is true, his attention was called to the letters when he appeared in obedience to the summons, but the court refused to find that before such appearance he was acquainted with the charges, and found to the contrary.   This was supported by the evidence of the relator.   It may be that he then understood that those letters were the foundation of the charges but no charges were served upon him.   The conclusion of the court was warranted that he did not submit himself to the jurisdiction of the board for the purposes of the proceeding;

and that the service upon him of the charges as made by the accusing member, was not waived. No steps were taken in it while the relator was present. He was not called upon to do anything on that occasion, nor did he request any postponement or that anything be done by way of advancement of the proceeding. In view of the facts found by the trial court, there was no recognition by him of the right to proceed without observance of the regulations prescribed for the action, in such case requisite to jurisdiction. The purpose of the by-laws made pursuant to the authority given by the statute, was to preserve the rights of the members of the defendant against arbitrary action to their prejudice; and the board of directors as a *quasi* judicial body, could not effectually expel a member without giving him all the opportunities for defense provided by the by-laws having relation to a proceeding for such purpose, and so far as the requirements in that respect are not waived they must be substantially observed. (*Loubat* v. *Leroy*, 40 Hun, 546, 552 and cases there cited; *People ex rel. Merscheim* v. *M. M. P. Union*, 47 Hun, 273; *Watchel* v. *N. W. & O. Benevolent Society*, 84 N. Y. 28.) And when a proceeding in disregard of such jurisdictional provisions results in the expulsion of a member, he may for his reinstatement have a remedy by *mandamus*. It is, however, urged that before resorting to this remedy, it was incumbent upon the relator to exhaust the means within the power of the organization for his restoration; and reference is made to the provisions of the by-laws authorizing the society to reinstate an expelled member "by a two-thirds majority" of all members present, after having paid all dues and fines standing against him, and an extra fine of fifty dollars, and applicants for reinstatement must pass an examination the same as those for original membership. (Art. 13, §§ 2, 3.) Those provisions seem to have relation to cases of expulsion supported by proceedings lawfully conducted, and where the appeal is to the discretionary power of the society available for the restoration of the expelled member, only on payment by him of an extra fine. There seems to be no adequate remedy provided by the by-laws for a

case like the present one, where the remedy is founded upon the alleged right of restoration, subject to no fine or to examination as are applicants for membership.

It is contended that the court erred in awarding any damages to the relator and in the amount so awarded. The statute provides that where return has been made to an alternative writ issued upon the relation of a private person, the court, upon making a final order for a peremptory *mandamus* must, if the relator so elects, award to him, against the defendant, the same damages which the relator might recover in an action against the defendant for a false return. (Code, § 2088).

The damages allowed by the court were those which the relator was deemed to have suffered in consequence of his expulsion, and they arose from the fact that, by reason of his non-membership, so produced, he was discharged from the service in which he was engaged, and thus deprived of the income, which he otherwise would have received. This was the proximate result of the cause of which he complained, and as such furnished a ground for the award of damages. (*People* v. *Supervisors*, 28 N. Y. 112.) The amount of such damages awarded as distinguished from the $100 allowed for expenses, was $300. There was some evidence upon which to base their estimate, and the question in this respect differed from that in *Leeds* v. *M. G. L. Co.* (90 N. Y. 26).

The conclusion of the trial court as to the amount is not reviewable here.

The judgment should be affirmed.

All concur, except Brown J., not sitting.

Judgment affirmed.