Freedman, J.
Assuming, but not deciding, that the learned judge below erred in bolding the judgment of the city court, in the action brought by Baker to recover for sick benefits, to be a bar to the present application, the denial of the application for a writ of mandamus may still be sustained for the following reasons, viz:
Although the relator, according to the requirements of the constitution and by-laws of the association, should have been served with a certain notice and a copy of the charges in writing, it was competent for him to waive these requirements, and by attending the meeting which tried him, and making no objection on any such ground or on the ground that he was not prepared to enter upon his defense, but proceeding to defend himself on the merits and speaking in opposition to the resolution of expulsion, he did waive them. By voluntarily appearing and submitting to the jurisdiction of the meeting without • protest and litigating the issue on its merits, he precluded himself on the point he now seeks to raise. In this respect the case at bar is entirely different from The People ex rel. Deverell v. The Musical Mutual Protective Union, 118 N. Y., 101; 27 St. Rep., 963. In the case last referred to the relator appeared and denied the jurisdiction and then withdrew.
In the next place the by-laws of the association do not require a vote of two-thirds of all the members to an expulsion, but only two-thirds of the members present at a meeting regularly constituted for the transaction of business. Twenty-five members present constitute a quorum for the transaction of business. In this aspect the vote was sufficient. But if it did require two-thirds of all the members of the association at the time of the passage of the resolution, the relator failed to establish by competent proof that forty-two, the number which voted for his expulsion, were insufficient to constitute such two-thirds.
The order should be affirmed, with ten dollars costs and disbursements.
GflLDERSLEEVE, J., concurs.