RAMELL v. DUFFY.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. VOLUNTARY BENEFIT ASSOCIATION—RIGHTS OF MEMBERS—SUIT IN CIVIL COURTS.

The laws of an unincorporated benefit association provided that a member should not resort to the civil courts for redress until he had exhausted all means of appeal within the order, and prescribed expulsion as the penalty for noncompliance with this provision. A member who had a claim for sick benefits was expelled on the ground that he was suing, and thereupon sued the order to recover on the claim. Prior to the expulsion he had retained an attorney. *Held* that, since the full penalty for bringing suit had been inflicted on the member before beginning the action, he could not be precluded from maintaining his suit on the ground that he had not exhausted all means of appeal within the order.

2. SAME—SICK BENEFITS—COMPLIANCE WITH RULES.

Although the rules of a benefit society provided that sick benefits would be allowed a member only from the day notice of sickness was received, accompanied by a doctor's certificate, which should be renewed every week, yet where a member had sent the notice and first certificate, and, before any money was paid, filed a certificate covering the whole period of his sickness, but was prevented from sending all the other required certificates by a refusal on the part of his physician to make them out, and of the society's physician to furnish necessary blanks, he was not precluded from asserting his claim for sick benefits for the full term on account of the failure to file certificates every week.

3. TRIAL—SECONDARY EVIDENCE—HARMLESS ERROR.

Where, in an action to recover sick benefits, plaintiff was permitted, without objection, to state that he had received a final doctor's certificate stating that he was able to work, and given it to defendant's official physician, which was not disputed by defendant, and he was shown to have been sick for the period in question, defendant cannot complain that the subsequent admission of oral testimony, substantially the same as plaintiff's, in regard to the contents of the certificate, was not justified by the failure of defendant's secretary to produce it on a subpoena duces tecum; defendant's counsel stating at the time that they did not have the certificate.

Appeal from Trial Term, Kings County.

Action by Benjamin Ramell against John Duffy, as treasurer of Court Sympathy, No. 83, Foresters of America. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

George J. O'Keefe, for appellant.
William H. Andrews, for respondent.

JENKS, J. The plaintiff has judgment against an unincorporated beneficial association for money which represented "sick benefits." The plaintiff was expelled from the society on August 14th, and the ground thereof, as stated to him, was "on account of suing." This action was not begun until the following December, although the plaintiff had retained an attorney before the said August 14th. The point is made that the plaintiff could not maintain this action because he did not exhaust his remedies within the association. An article of the constitution and general laws provides that "a mem-

ber shall not resort to the civil courts for alleged injury until he has exhausted every means of appeal in the order," and the penalty prescribed for noncompliance is expulsion from the order.

In Railway Passenger, etc., Association v. Robinson, 147 Ill. 138, 35 N. E. 168, the court say:

"That it is competent for members of societies of this character so to contract that their rights as members shall depend upon the determination of some tribunal of their own choice, and that such determination shall be conclusive may be conceded. But where the designated tribunal is the society itself, one of the parties to the controversy, or, what is substantially the same thing, the board of directors, which is its official and organic representative, the court will hesitate, and even refuse, to treat its decisions as final and conclusive, unless the language of the contract is such as to preclude any other construction. The judicial mind is so strongly against the propriety of allowing one of the parties, or its especial representative, to be judge or arbitrator in its own case, that even a strained interpretation will be resorted to if necessary to avoid that result."

Cited in Bacon on Benefit Societies & Life Insurance, § 400a.

I think that the reasoning of the Supreme Court of Illinois is correct. The sole penalty prescribed in this case for noncompliance with the law requiring full resort to the tribunals of the society in the first instance is expulsion from the society. This penalty has been paid, and I think that we should not, in effect, extend or add to that penalty by holding that failure to resort to such tribunals shall disqualify him as a litigant in the courts of this state. I am far from holding that the contract of membership might not so measure the rights, duties, and liabilities of the members, but I think that it does not in this case. In Wachtel v. Noah Widows' & Orphans' Soc., 84 N. Y. 28–30, 38 Am. Rep. 478, the penalty was declared, and the court say:

"It declares that for such omission the member in default shall incur a fine of twenty-five cents. It would lead to a most unjust result, if there should be added a forfeiture of the whole benefit to which his representatives are, in case of his death, entitled. Such consequence is not declared, and cannot be implied by any legal construction."

It is urged that the plaintiff failed in his case because he did not obtain the certificate of the physician of the order, or that physician's approval of the certificate of another physician. The reason for this requirement is undoubtedly the protection of the association against undue payments of sick benefits. The provision provides that sick benefits will be allowed only from the day upon which notice has been properly transmitted, and that such notice shall be accompanied by a certificate which shall be renewed every week while drawing sick benefits. The plaintiff sent the notice, and on the next day visited Dr. Shea, the physician of the order, who sent plaintiff to his own physician, Dr. Snyder, who had theretofore treated him. He did so, and obtained a certificate, and later he asked for another, and continued to do so every week. Dr. Snyder sometimes put him off, but did give another certificate later. When Dr. Snyder went to Europe, the plaintiff was treated by Dr. Mayer, an assistant of Dr. Snyder. Dr. Mayer was asked by the plaintiff for certificates, and gave one the first week, and later another. The plaintiff took the first certificate made by Dr. Mayer to Dr. Shea, and asked him

to sign it, as he had not received any money, and the doctor replied: "All right. You leave it to me." When the plaintiff asked Dr. Mayer for another certificate, Dr. Mayer repled: "Do you want a certificate every week? You go to your own doctor, Dr. Shea, and ask him if he will give you any blanks. * * * You get the blanks, and we fill it up and we give it to you back." Dr. Shea, when asked for the blanks, said that he had none to spare—"enough for himself." During this time one of the officers of the order was calling every week, and the plaintiff as regularly asked him for money. He replied: "Don't worry. Your money is as good as gold. You get it all in a bunch when the time comes." Finally the plaintiff obtained a certificate of his ability to work, which was presented to Dr. Shea, who refused to sign it, and who told him to come to the court of the society. The certificate read that the plaintiff had been treated in the eye infirmary "since about March 23 up to June 12; he is able to work." I think that the learned county court was right in its view that such weekly certificates were only to be required when the benefits were paid weekly. If it were otherwise, the plaintiff complied so far as was in his power, and substantially complied with the regulation. He did obtain several certificates, and his failure to obtain all was due to the refusal of an outside physician to write out the certificate every week, and the refusal of the official physician to furnish the blanks when requested. Moreover, before any money had been paid to him, he did produce a certificate which covered the entire period.

It is urged that the service of a subpœna duces tecum upon the financial secretary of the defendant to produce the final certificate handed in by the plaintiff did not justify the reception of oral evidence of its contents. The record shows that the secretary appeared in court, and that the learned counsel answered that "they did not have it." I hardly think that the appellant, in view of that answer, can rely upon the technical difference between a subpœna duces tecum and a notice to produce. But in any event it appears in the record that the plaintiff, without objection, had theretofore stated that he had received a final certificate "to show you are all right—able to work"; that he gave it to the official physician of the defendant; and it also appeared that the plaintiff had been under treatment during the period in question. Now the oral testimony as to the contents of the certificate did not materially differ from the evidence of its contents theretofore given without objection. Moreover, there was no dispute that such a certificate was received by the defendant or its proper officers.

The judgment and order should be affirmed, with costs. All concur.