MARCH TERM, 1919. 213

*93 N. J. L.*    Autrim v. Telegraphers' Benev. Asso., &c.

HELEN E. AUTRIM, RESPONDENT, v. TELEGRAPHERS'
BENEVOLENT ASSOCIATION, &c., APPELLANT.

Submitted March 24, 1919—Decided June 20, 1919.

The by-laws of defendant association required notice of thirty days
to a member of an assessment and provided that for failure to
pay the same within the thirty days a forfeiture would result.
*Held,* upon a claim for the amount due upon a death certificate,
where a forfeiture by reason of the non-payment of the assess-
ment, within the thirty days, that in the absence of a prescribed
method of service in the constitution or by-laws, the notice must
be actually or personally served upon the member, as a condition
precedent to the forfeiture of his personal and property rights.

On appeal from the Supreme Court.

For the respondent, *Ott & Carr.*

For the appellant, *W. Holt Apgar.*

The opinion of the court was delivered by

MINTURN, J.   The widow of Walter Autrim brought this
suit to recover $300, the amount payable to her upon a death
benefit certificate issued by the defendant to the plaintiff's
husband while a member in good standing of the defendant
association.   Her right to recover is based upon the certificate
of membership, which provides for such payment, "subject to
all the requirements and conditions of the constitution and
by-laws."

Section 608 of the constitution and by-laws requires upon
the death of a member an assessment of one dollar shall be
levied upon each surviving member, "and in case payment
shall not be made within thirty days thereafter the delin-
quent shall forfeit all claims and membership to the associa-
tion."

In this instance the assessment was levied on October 9th,

1916, requiring payment before November 9th, 1916. The notice was mailed to defendant "care of Pennsylvania Railroad, Camden, N. J." At the time it was mailed and until his death the deceased member was an invalid away from his home and unable to go to his place of business or to attend to his business. His wife, upon her return to the home on December 7th, received the notice and at once mailed a dollar to the association, through an agent. It was received by the association the day Mr. Autrim died, December 9th.

The sole contention against payment of the amount claimed is that sixty, instead of thirty, days elapsed after notice of the assessment was mailed, and that the member and this claimant by this lapse of time forfeited all claim to the death benefit.

The insistence, it will be observed, is based upon the theory of a forfeiture. Forfeiture is not a favored policy of the law, and to insist upon its application in a given instance, one who makes the claim must show strict compliance with all the necessary conditions precedent, upon which the exaction is based. *Johnson* v. *Grand Lodge*, 79 *N. J. L.* 227; affirmed by this court, 81 *Id.* 511.

It will be observed that no method was provided for the service of the notice upon which the claim of forfeiture is based; that it never reached the member personally, and was received by his wife only two days prior to his death, when remittance of the assessment was at once made.

In such a status the forfeiture of the personal and property rights of the deceased, in the absence of a distinct or specified method of service, provided by the by-laws or constitution, must be predicated upon actual or personal service of the requisite notice as *sine qua non* to the legal exercise of the right. *Supreme Assembly* v. *McDonald*, 59 *N. J. L.* 248; *Wachtel* v. *Noah Society*, 84 *N. Y.* 28; *Merriam* v. *Keystone Association* (New York), 33 *N. E. Rep.* 738; *Courtney* v. *Masonic Association* (*Iowa Supreme Court*), 53 *N. W. Rep.* 238; *Benedict* v. *Grand Lodge* (*Minnesota Supreme Court*), 51 *Id.* 371.

The disposition of the case upon this ground renders unnecessary any discussion of the other questions discussed in the briefs of counsel.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 14.

*For reversal*—None.