ROBERT S. RODIER and Others, Appellants, *v.* ARTHUR M. HUDDELL, Individually and as General President of the International Union of Operating Engineers, and Others, Respondents.

First Department, May 29, 1931.

*Owen S. M. Tierney* of counsel [*Isidore Beerman* with him on the brief], for the appellants.

*James E. Smith,* for the respondents.

TOWNLEY, J.  Plaintiffs, members in good standing of either Local Union 403, Local Union 184 or Local Union 20 of the International Union of Operating Engineers, have been suspended without notice and without an opportunity to be heard.  This suspension was on the order of the defendant Huddell, general president of the International.  In April, 1930, Huddell, as president of the International, issued orders revoking the charters of Locals 403 and 184, creating a new Local No. 125, and placing the defendant Commerford in charge of the new local under the title

of supervisor. This action by the president was opposed by these plaintiffs.

In June and October following they were suspended on general charges of insubordination and conduct prejudicial to the union. By this suspension the plaintiffs have been deprived of their right to secure employment as members of this union and have been deprived of certain property rights consisting of their interest in the general funds of the International and their right to participation in certain death benefits created by taxes imposed upon the members. Such property interest is sufficient to give a court of equity jurisdiction of the subject-matter of this action. (*Rigby* v. *Connol*, 14 Ch. Div. 482, 487; Pound Equitable Relief against Injuries, 29 Harvard Law Rev. 640, 670; Martin Modern Law of Labor Unions, pp. 380–391.) Following their suspension, plaintiffs brought this action to secure reinstatement in the International and in the newly created Local 125 and for an injunction restraining the defendants from interfering with their employment as members of such association in good standing. Their complaint has been dismissed and the application for a temporary injunction denied upon the ground that they have not exhausted their remedies within the organization.

The rule requiring that a member must exhaust his remedies within the organization before applying to a court of equity for relief is subject to the qualification that the suspension must have followed a legal and regular proceeding within the organization. Where the proceeding is irregular, the association acquires no jurisdiction to make the order and the person aggrieved thereby may seek redress by a direct appeal to the courts. (*People ex rel. Deverell* v. *M. M. P. Union*, 118 N. Y. 101, 108; *Kohler* v. *Klein*, 39 Misc. 353, 354.) Defendants did not go through even the form of a hearing. They simply served a notice of suspension which it was claimed was authorized by section 2, article IV of the constitution. This section is clearly limited in its application to subordinate officers and authorizes the removal by the president of such officers only for certain enumerated offenses. These plaintiffs were not subordinate officers and they were not charged with any of the offenses enumerated in this section.

But assuming that insubordination as charged is punishable, none the less due procedure within the union was violated. General disciplinary powers within the organization are vested in the local unions; and the by-laws, article VI, sections 4 and 5, specifically provide that the accused shall be given notice and an opportunity to be heard at a meeting of the local called for that purpose. No attempt was made to comply with these provisions. Therefore,

since the suspension order is clearly void, no appeal within the organization is necessary.

Aside, however, from the failure to observe the forms duly provided to discipline a member, the suspension of these members was illegal because it deprived them of the property rights which attached to their membership without an opportunity to be heard. The Court of Appeals in *Wachtel* v. *Noah Widows & Orphans' Society* (84 N. Y. 28, 30) said: " It is well settled that an association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the person charged, or without giving him an opportunity to be heard. (Ang. & Ames on Corp. § 420; *People ex rel. Bartlett* v. *Med. Soc.*, 32 N. Y. 187; *Com.* v. *Penn. Ben. Ins.*, 2 Serg. & R. 141; *Innes* v. *Wylie*, 1 C. & K. 257.)" (See, also, *Burn* v. *National Amalgamated Labourers' Union*, [1920] 2 Ch. 364, 374.)

In any case an appeal within the organization would have been a vain thing. The only appeal provided is to the general executive board of the International. This board consists of seven members of which the defendant Huddell was the head and in general control. A suspended member is not required to pursue his remedy by appeal within the organization when such appeal is to a board so constituted as to afford no likelihood of an impartial hearing. (*Matter of Brown*, 34 Misc. 556; affd., 66 App. Div. 259; affd., 176 N. Y. 132; *Corregan* v. *Hay*, 94 App. Div. 71; *Fritz* v. *Knaub*, 57 Misc. 405.)

The order dismissing the complaint should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendants to answer on payment of said costs.

The order denying plaintiffs' motion for a temporary injunction should be reversed, with ten dollars costs and disbursements, and the motion granted.

FINCH, P. J., McAvoy. MARTIN and O'MALLEY, JJ., concur.

Order dismissing complaint reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendants to answer within twenty days from service of order upon payment of said costs.

Order denying plaintiffs' motion for temporary injunction reversed, with ten dollars costs and disbursements, and motion granted. Settle order on notice.