Samuel A. Spiegel, J.
Plaintiff moves to dismiss the second affirmative defense upon the ground that it does not state a defense in law. He also requests that summary judgment be granted in his favor. Defendants cross-move for summary *258 judgment. They argue that the board of control of the Amateur Skating Union of the United States (hereinafter called A. S. U.) under its by-laws and racing rules has jurisdiction to conduct hearings and appeals with regard to suspension imposed. They further argue that plaintiff was suspended and has failed to utilize and exhaust the appeal procedures provided by the A. S. U. by-laws and racing rules and as a result plaintiff fails to state a cause of action.
It appears that plaintiff is an outstanding competitor in speed skating and is a member of the defendant Middle Atlantic Skating Association, Inc. (hereinafter called M. A. S. A.) which, in turn, is a member of the A. S. U.
Plaintiff moved for an injunction pendente lite which was denied. Such denial is not necessarily controlling here. (Walker Mem. Baptist Church v. Saunders, 285 N. Y. 462; Federal Waste Paper Corp. v. Garment Center Capitol, 268 App. Div. 230, affd. 294 N. Y. 714.)
On March 5, 1967, plaintiff was orally informed by the president of A. S. U. that he was suspended indefinitely from competing in a meet, held at St. Louis, Missouri. Plaintiff sought the reasons for his suspension but none were forthcoming.
On March 6, 1967, a letter was sent to the president of M. A. S. A. stating that plaintiff was suspended indefinitely per A. S. U. racing rules, page 29, section 19(b) (1) and section 21, and was also disqualified from competing in the finals of the meet at St. Lonis.
Plaintiff claims that the first notice he had of the nature of the charges against him was by the papers submitted in opposition to his motion for an injunction pendente lite. He vigorously denied those charges. Plaintiff disputes the verity and validity of the claimed written and oral report of a referee concerning the charges.
Defendants claim that the referee conducted an ex parte investigation of the matter, and as a result of such investigation the referee, in the presence of the plaintiff, orally recommended the indefinite suspension of plaintiff. Plaintiff denies being present on such occasion.
Rule 21 of the racing rules requires that a written report be received from the referee and that such report contain a statement of the full facts and circumstances of any violation by a competitor of any rule for which the penalty provided is disqualification for the entire meet. The report of the referee shall contain the names of any witnesses and the referee may recommend what suspension, if any, the president should apply. It *259 seems that the suspension of plaintiff was imposed without awaiting a report in compliance with rule 21.
It is to be noted that the rule also provides that ‘ ‘ Upon receiving such report and recommendation, the president of the A. S. U. at his discretion, may suspend, for a definite or indefinite period, the competitor or competitors guilty of the rule violation, if he finds such violation to be willful, deliberate or in reckless disregard of the rules of speed skating ’ Clearly, the president of the A. S. U. did not have sufficient facts to justify the immediate suspension of plaintiff as there were no charges pending to show a violation of the rule.
It is crystal clear that the claimed charges did not emanate at a meet. The rule justifying disqualification by a referee provides that such charge must be of a nature that would in any way mar a meet.
The sole question before the court is whether plaintiff is required to exhaust his remedies within the A. S. U. before legal action may be brought. Plaintiff contends that since the suspension was void, a direct appeal to this court may be had. He claims that no charges were ever presented to him and that he never was afforded a hearing. Moreover, by the very rules of the A. S. U. such suspension was improper. (Matter of Barry v. The Players, 147 App. Div. 704, affd. 204 N. Y., 669; People ex rel. Holmstrom v. Independent Dock Bldrs. Union, 164 App. Div. 267; Drummer v. Foot Clinics of N. Y., 12 N. Y. S. 2d 827 ; Wachtel v. Noah Widows & Orphans Soc., 84 N. Y. 28.)
In the Holmstrom case {supra, p. 270) the court stated: “ The well-established rule governing interference by the courts with the internal affairs of voluntary associations and membership corporations in regard to their disciplinary proceeding is, that the court will look to the record to see whether the practice and proceeding has been in accordance with the constitution and bylaws of the organization, whether the charges are substantial, and whether the member has had fair notice and the opportunity to be heard. In short, has the member received fair play? If so, the court will not substitute its judgment for that of the organization. The cases bearing upon this subject may be found collected in Williamson v. Randolph (48 Misc. 96). ”
In the Wachtel case {supra, p. 30) the Court of Appeals said:
“It is well settled that an association whose members become entitled to privileges or rights of property therein cannot exercise its power of expulsion without notice to the person charged, or without giving him an opportunity to be heard. ”
Where action is taken by an organization without the nature of the charge being disclosed and no opportunity is afforded to *260 be heard, there appears no necessity for taking an appeal within the organization and a direct appeal may be made to the court. (People ex rel. Deverell v. Musical Mut. Protective Union, 118 N. Y. 101; Rodier v. Huddell, 232 App. Div. 531; Gilmore v. Palmer, 109 Misc. 552; Drummer v. Foot Clinics of N. Y., supra.)
In the Deverell case (supra, p. 106) the Court of Appeals said: ‘ ‘ This was a substantial jurisdictional defect in the proceedings taken for his expulsion, and rendered it void unless such omission was in some manner obviated. ”
In the Rodier case (supra, p. 532) it was stated: “ The rule requiring that a member must exhaust his remedies within the organization before applying to a court of equity for relief is subject to the qualification that the suspension must have followed a legal and regular proceeding within the organization. Where the proceeding is irregular, the association acquires no jurisdiction to make the order and the person aggrieved thereby may seek redress by a direct appeal to the courts. (People ex rel. Deverell v. Musical Mut. Protective Union, 118 N. Y. 101, 108; Kohler v. Klein, 39 Misc. 353, 354.) Defendants did not go through even the form of a hearing. They simply served a notice of suspension which it was claimed was authorized by section 2, article IV of the constitution. ” The court further said (pp. 532-533): “ Therefore, since the suspension order is clearly void, no appeal within the organization is necessary.” In the case of Kohler v. Klein (39 Misc. 353, 354) it was stated: “ The plaintiff was expelled without notice or hearing from a subordinate lodge of the order. The defendant objects to this court taking jurisdiction of the case, on the ground that the plaintiff by his contract with the defendant is given the right to appeal to a higher authority in the order, and has not done so. The constitution of the order provides that any member ‘ who deems himself aggrieved by a decision of the order is within three months entitled to appeal to the grand committee. ’ I do not think the expulsion of the plaintiff without notice and hearing was a ‘decision’ within the meaning of this provision (People ex rel. Deverell v. Musical Union, 118 N. Y. 101). It contemplates a decision of some question lawfully up for decision. ”
The second affirmative defense is therefore dismissed. Absent the second affirmative defense, the lack of merit of any other defense indicates a flagrant violation of the plaintiff’s constitutional rights, which necessitates the relief of immediate reinstatement. Due process was clearly denied plaintiff herein.
After a careful review of all the events set forth herein, neither authorization nor justification exists for the harsh treatment imposed on the petitioner which included deprivation of *261 the irretrievable opportunity to participate in the tryouts for the 1968 Winter Olympics competition as a representative of the United States.
Plaintiff is granted summary judgment and the cross motion is denied.