(48 Misc. Rep. 652)

## ROSENTHAL v. REINFELD.

(Supreme Court, Appellate Term. November 28, 1905.)

ASSOCIATIONS—DISSOLUTION—VALIDITY—EVIDENCE.

In a suit involving the validity of dissolution of a voluntary association, the constitution of which stipulated that it should not be dissolved as long as ten members voted to continue its existence, the exclusion of evidence of the number of members who voted against dissolution by voting against consolidation with another association was prejudicial to the rights of the dissenting minority.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Rosenthal, as president, etc., against Alfred Reinfeld. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and Mac-LEAN, JJ.

Wilber, Hart, Norman & Kahn, for appellant.
Hillquit & Hillquit, for respondent.

MacLEAN, J. It is old doctrine that individuals who form themselves into a voluntary association for a common object may agree to be governed by such rules as they think proper to adopt, if there be in them nothing in conflict with the law of the land. White v. Brownell, 2 Daly, 329, 359. Within the limitations of that doctrine it is not disputed that the constitution and by-laws are the sole rule that governs the relations between the association and its members. Austin v. Dutcher, 56 App. Div. 393, 67 N. Y. Supp. 819. As alleged and sought to be proven herein, the voluntary association, of which the defendant was and still claims to be a member and the secretary, was attempted to be amalgamated and consolidated with another, which would be a practical disbandment. The association's constitution (article 13) provides:

"This Union shall not be disbanded as long as ten members have voted to continue its existence [expressed even more emphatically in counterpart of its bilingual text]."

In view of this, the refusal of evidence of the number of members who voted against consolidation, and so against practical disbandment, was reversible error, inadvertent of the chartered rights of the minority.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

SCOTT, P. J., concurs. GILDERSLEEVE, J., taking no part.