(77 Misc. Rep. 19.)

## SCHOUTEN v. ALPINE.

(Supreme Court, Trial Term, Kings County. May, 1912.)

1. TRADE UNIONS (§ 7*)—MEMBERSHIP—LIABILITY FOR EXPULSION.

    A national plumbers' association is liable for the act of its local union in expelling a member in disregard of the rule prescribing procedure therefor.

    [Ed. Note.—For other cases, see Trade Unions, Dec. Dig. § 7.*]

2. TRADE UNIONS (§ 9*)—MEMBERSHIP—EXPULSION—QUESTION FOR THE JURY.

    In an action against a national plumbers' association for damages for expulsion of a member, evidence *held* to present a question for the jury whether plaintiff was lawfully expelled.

    [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 7; Dec. Dig. § 9.*]

3. TRADE UNIONS (§ 9*)—JUDICIAL SUPERVISION.

    While the courts will not interfere with the internal management of trade unions, every member will be accorded the rights and privileges guaranteed by the constitution and by-laws, and if they are disregarded he may seek redress in the courts.

    [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 7; Dec. Dig. § 9.*]

4. TRADE UNIONS (§ 9*)—MEMBERSHIP—EXPULSION—DAMAGES.

    Though the jury's estimate of damages from expulsion from a trade union was liberal, it will not be held excessive as a matter of law, where the ground of expulsion had little to support it, and there was no suggestion that the member was not faithful to the association prior to his expulsion.

    [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 7; Dec. Dig. § 9.*]

Action by Lambert Schouten against John R. Alpine. On motion for new trial. Denied.

Amy Wren, of Brooklyn, for plaintiff.

William A. McQuaid, of New York City, for defendant.

KELLY, J. [1] The questions upon which the trial court reserved decision on defendant's motion for a new trial were, first, whether, conceding the unlawful expulsion of the plaintiff by the local union, the defendant, the national or parent organization, was liable in damages, and, in the second place, whether the verdict of the jury was excessive. The first question was discussed at some length on defendant's motion to dismiss, made at the end of plaintiff's case. It seems to me, on going over the testimony and the constitution and by-laws of the defendant and its local branch or union, that the relation of principal and agent existed between the national organization and the defendant. The plaintiff was a member of the defendant national organization. It was membership in the national organization which entitled him to recognition as a union man. The defendant acted through the local unions; but the constitution and laws show a direct and constant supervision of the local unions by the defendant, especially with reference to membership, and the compliance by members with the rules of the organization. The dues paid by the plain-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff and his fellow members went in part to the defendant. The defendant issued books in which payments were entered and signatures attached weekly showing that the individual member was in good standing. The defendant kept a record of the individual members, and, in case of expulsion by local unions, the notice of expulsion was sent out by the national organization, the defendant. And besides all this, we have the explicit admission in the defendant's answer (paragraph 6) that the expulsion of the plaintiff was ratified and confirmed by the executive board of the defendant. It was this "ratification" which deprived plaintiff of his membership. Ratification is more than mere approval or failure to object. It implies the adoption of the acts of the local union as the act of the defendant. I think, therefore, that the defendant is liable for the acts of the local union.

[2, 3] On the evidence in the case, the question whether plaintiff was lawfully expelled from the organization was for the jury. While the courts will not interfere in the internal management of these voluntary associations, still every member has the right to insist that he be accorded the rights and privileges guaranteed to him by the constitution and laws, and, if these are disregarded, to apply to the courts for redress. With the far-reaching powers granted to the organization over the individual members, for the common welfare, arise certain duties and obligations on its part. One of the most important rights possessed by the individual member in return for his allegiance to the union is the right to a fair trial before he can be deprived of membership. The constitution and laws secure him this right, and its enforcement is of supreme importance to the individual member and to the organization as a whole. If this right to know the charges against him, to be confronted by his accusers, with an opportunity to defend himself, can be denied him arbitrarily, if he can be deprived of membership in the union by star chamber proceedings, without a hearing, then the organization, instead of being one of the most important agencies for the betterment of the laboring man, may become a most powerful means of oppression. The proceedings resulting in the expulsion of this plaintiff, both in the local branch and in the national organization, appear to have been conducted with a disregard of the procedure enacted by the members for their government. The jury has found that he was not accorded a fair hearing and trial, and the defendant admits that it has ratified and confirmed this illegal procedure. The appeal granted to him by the constitution of the organization has been denied him, because it cannot be claimed, on the evidence here, that there was any adherence to the prescribed procedure. The members of the defendant organization have associated themselves together for their mutual benefit, financial and otherwise, and I think they are liable for the affirmative illegal acts of those to whom they have committed the management of their affairs—acts not only within the scope of their agency, but which are specially delegated to them.

[4] On the question of damages, I am free to say that I think the verdict is liberal; and yet I hesitate to reduce it and to say that as matter of law it is excessive. Expulsion from the union deprived the

plaintiff of his opportunity to obtain employment. Membership in the organization is of great advantage, if not essential, to the man seeking employment in the trade. While the nonunion plumber has the legal right to seek employment, we are informed from the evidence that by agreement the master plumbers—the employers—have bound themselves to engage none but union men. The expulsion was, therefore, a serious thing for this man. Whatever his shortcomings have been since his expulsion, and there was evidence that he had enlisted against his former associates, there was no suggestion that he was not faithful to his association prior to his expulsion. The alleged ground for expelling him seems to have little to support it, because he promptly obeyed the orders of his union as soon as he was properly notified of them. The jury heard his story of his experiences since, and I think their estimate of the damage must stand.

The motion for a new trial is therefore denied.

Motion denied.