(166 App. Div. 33)

RICHTER v. LINDEMANN et al. (No. 6753.)

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

1. POWERS ⊜⇒36—POWER TO APPOINT BY WILL—EXECUTION.
　　Where testator wills a life estate in lands to his widow, with power of appointment as to the remainder to be executed by will, if the only recital in the widow's will was that she executed conveyances and left them with an attorney in escrow to be delivered to the registrar for record upon her death, and that she has executed such deeds as she desires to appoint the property, it may well be doubted whether there has been a valid execution of the power.

　　[Ed. Note.—For other cases, see Powers, Cent. Dig. §§ 137–149, 155; Dec. Dig. ⊜⇒36.]

2. RECEIVERS ⟨KEY⟩27—GROUNDS FOR APPOINTMENT—VALIDITY OF EXECUTION OF
   POWER.

   Where the will of a donee of a power to appoint by will contained provisions tending to show that she thereby appointed the property as she desired it to go, irrespective of the fact that she had previously executed deeds running to the appointees, to be delivered to the registrar for record upon her death, the execution of the power by her will was presumptively valid, sufficiently so to render improper the appointment of a receiver, thus disturbing the possession of one of the appointees, previous to trial of the issues.

   [Ed. Note.—For other cases, see Receivers, Cent. Dig. § 36; Dec. Dig. ⟨KEY⟩27.]

Appeal from Special Term, New York County.

Action by Helena Maria Richter against Katherine F. Lindemann and others. Judgment for plaintiff, and defendant Lindemann appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Leslie C. Ferguson, of New York City, for appellant.
Florence J. Sullivan, of New York City, for respondent Richter.
Charles A. Dryer, of White Plains, for respondent Von Meyer.

LAUGHLIN, J.   This is an action for the partition of five parcels of real estate of which John George Lindemann died seized and possessed on the 7th day of August, 1884, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court of the County of New York on the 28th day of August, 1884, by which he gave his wife, Helena Maria Elizabeth Lindemann, who died on the 25th day of January, 1913, without having remarried, a life use or use during widowhood of the residue of his estate after the payment of his debts, and a power of appointment with respect to the remainder to be exercised by will, and also gave her authority to sell any or all of his real estate. The plaintiff and appellant are daughters of said Helena M. E. Lindemann, and the appellant claims ownership of parcels 2, 3, and 4 by virtue of the exercise of the power of appointment by the last will and testament of her mother, and of parcels 3 and 4 *also* by virtue of a deed from her mother as executor of her father. The other heirs claim that there was no valid exercise of the power of appointment, and that the deeds were fraudulent, in which event, concededly, the appellant is entitled to an undivided one-sixth interest in each parcel, and she shows that such interest is worth many times more than any possible liability or loss to the respondent if a receiver be not appointed.

The appellant shows by affidavit that she is worth in real property according to its assessed value over and above incumbrances upwards of $100,000, exclusive of her interest in the real estate in question; but the respondents attempt to deny this, and contend, on affidavits in general terms without stating the facts, that the appellant is insolvent. The income amounts to about $5,000 per annum, and the theory upon which the appointment of a receiver is sought is that the appellant

has collected and is collecting the rents and has failed to pay the taxes and to keep the buildings in repair.

[1, 2] The will of John George Lindemann provided that upon "the death or remarriage" of his widow, whichever event happened first, he gave the residue of his estate "to such person or persons as she shall direct and appoint by her last will and testament in case of her death, or by instrument under her hand and seal, duly acknowledged, in case of her remarriage." The widow's will recites that she executed conveyances as she desired to appoint the property, and left them with an attorney in escrow to be delivered to the registrar for record upon her death. If those recitals were the only provisions of the will with respect to the execution of the power of appointment, the validity of the execution of the power of appointment might well be doubted; but the will contains other provisions tending to show that she thereby, without regard to the deeds, appointed the property as she desired it to go, and appointed the three parcels, to which the appeal relates, to the appellant. We do not now intend to express a decided opinion and foreclose argument with respect to the construction and effect of her will, or with respect to the validity of the deeds or conveyances by the executrix; but we hold that it sufficiently presumptively appears that the parcels in question have been appointed or conveyed to appellant to render it the duty of the court to refrain from disturbing her possession until the trial of the issues.

It follows that the order, in so far as it is appealed from, should be reversed, with $10 costs and disbursements, and the motion with respect to parcels 2, 3, and 4, denied, without costs. Order filed. All concur.