RODGERS v. McLOUGHLIN et al.

(Supreme Court, Appellate Division, Second Department. March 5, 1915.)

1. BROKERS (§ 60*)—RIGHT TO COMPENSATION.

Under plaintiff's contract for a percentage of stocks and holdings acquired by defendants, the right to such percentage depended on defendants' acquisition of the stock, and merely that defendants had a right thereto did not entitle to the percentage.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

2. BROKERS (§ 82*)—ACTION FOR COMPENSATION—ALTERNATIVE AVERMENTS.

Plaintiff, entitled to a percentage on stocks acquired and received by defendants, on complaint averring that defendants "had acquired and received, or became legally and duly entitled to acquire and receive," could not recover, since the case made was no stronger than its weakest alternative.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 101–103; Dec. Dig. § 82.*]

Appeal from Special Term, Orange County.

Action by E. Bromley Rodgers against James G. McLoughlin and another, as executors, etc. From an order denying his motion for judgment on pleadings, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Elbert N. Oakes, of Middletown, for appellant.

Louis O. Van Doren, of New York City (Herbert B. Royce, of Middletown, on the brief), for respondents.

PER CURIAM. [1, 2] By the contract sued upon, plaintiff's compensation was to be a percentage of the total stocks and holdings acquired by said copartners. His right to such percentage depends on defendants' having first acquired these stocks. Merely being entitled to such stock, without getting it, does not enable plaintiff to enforce his demands, which are for a fractional part of something already in hand or under defendants' control. This the amended complaint avers in the alternative: "Have acquired and received, or became legally and duly entitled to acquire and receive." Such alternative allegations may be good, when plaintiff can recover upon either alternative; and this form of pleading must rest on the second of the two alternatives, as the case so made is not stronger than its weakest aspect. Here the 10 per cent. sued for only comes due when the stocks have been acquired, not when defendants may have a good chose in action for their recovery.

The order denying plaintiff's motion for judgment is therefore affirmed, with $10 costs and disbursements.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.