sion; Second Department. July 30. 1915.) Action by John Reilly, as administrator, etc., against Ellen Coggins, impleaded with the Brooklyn Savings Bank. No opinion. Judgment and order affirmed, with costs.

REILLY, Respondent, v. COGGINS, Appellant, et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by John Reilly, as administrator, etc., against Ellen Coggins, impleaded with the Emigrant Industrial Savings Bank. No opinion. Judgment and order affirmed, with costs.

RENAUT v. CITY OF NEW YORK et al. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Amanda Renaut against the City of New York, impleaded with others. No opinion. Motion granted. Order filed. See, also, 152 N. Y. Supp. 1139.

RESIDENCE CO. OF LAWRENCE PARK v. KOSTER. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by the Residence Company of Lawrence Park against Harry M. Koster. No opinion. Application denied, with $10 costs. Order signed.

RICHARDS v. WELLS FARGO EXPRESS CO. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Artie F. Richards against the Wells Fargo Express Company. No opinion. Application granted. Settle order on notice. See, also, 156 App. Div. 268, 141 N. Y. Supp. 306.

RICHTER v. LINDEMANN. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Helena M. Richter against Katherine F. Lindemann, individually, etc. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed. See, also, 166 App. Div. 33, 152 N. Y. Supp. 784.

RITNER, Respondent, v. HOLBROOK, CABOT & ROLLINS CORPORATION, Appellant. (Supreme Court, Appellant Division, Second Department. July 30, 1915.) Action by William A. Ritner against the Holbrook, Cabot & Rollins Corporation.
PER CURIAM. Judgment reversed, and new trial granted, costs to abide the final award of costs, upon the ground that the evidence does not show that the release was procured by fraudulent representations. We do not consider on the present pleadings whether the minds of the parties met in agreement upon the release.

RIVERDALE REALTY CO. v. CITY OF NEW YORK et al. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by the Riverdale Realty Company against the City of New York and others. No opinion. Motion denied, with $10 costs. Order filed. See, also, 153 N. Y. Supp. 742.

RIVER VIEW MANOR ASS'N v. BRUCKNER et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by the River View Manor Association against Arthur Bruckner and others.
PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: The parties having agreed that the determination be made without costs, judgment is directed for the defendants upon the written submission, without costs, dismissing plaintiff's complaint upon the merits. A court of equity will not enforce a covenant such as that which forms the basis of this controversy at the suit of one who is not a covenantee, and to whom the covenantee was under no obligation at the time of the making of the covenant. The court will not grant affirmative relief to the defendants for the reason, among others, that the covenantee is not before the court.

ROBERTS, Appellant, v. SCHIFFERDECKER, Respondent. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by William H. Roberts against Jacob Schifferdecker, as president, etc.
PER CURIAM. Judgment reversed, with costs, and decision and judgment in favor of plaintiff rendered, with the additional finding of fact that the committee, on February 10, 1912, immediately after its organization, without giving any notice to plaintiff and without his attendance or presence, went to Somers Hall and investigated the charge. The ground of our determination is that we conclude that the attempted expulsion of the plaintiff was invalid for the reason that it was incompetent for the grievance committee to investigate at all until after it had given the plaintiff notice and opportunity to attend before it. Our such determination, however, is without prejudice to the right of the Local to properly try the plaintiff upon the charges preferred against him.

ROCHESTER & PITTSBURGH COAL CO., Respondent, v. CORRIGAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 19, 1915.) Action by the Rochester & Pittsburgh Coal Company against James W. Corrigan and others. No opinion. Judgment and order affirmed, with costs.

RODGERS, Respondent, v. McLOUGHLIN et al., Appellants. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by E. Bromley Rodgers against James G. McLoughlin and another. No opinion. Order in so far as appealed from affirmed, with $10 costs and disbursements. See, also, 154 N. Y. Supp. 1142.

RODGERS v. McLOUGHLIN et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by E. Bromley Rodgers against James G. McLoughlin and another. No opinion. Order modified by requiring the plaintiff to give particulars required by subdivisions 3 and 11 of the demand, and by denying motion for particulars required by subdivisions 6 and 7 of the demand; and as so modified affirmed, without costs. See, also, 151 N. Y. Supp. 999; 154 N. Y. Supp. 1142.