THOMAS GILMORE, Plaintiff, *v.* D. ARTHUR PALMER, as President of the Boot and Shoe Cutters' Protective Association, Local Assembly, No. 2028, Knights of Labor, Defendant.

JOSEPH SAGMASTER, Plaintiff, *v.* D. ARTHUR PALMER, as President of the Boot and Shoe Cutters' Protective Association, Local Assembly, No. 2028, Knights of Labor, Defendant.

(Supreme Court, Monroe Equity Term, December, 1919.)

Labor unions — when suspension of a member of a trades union without notice is invalid — associations — equity.

A provision of the constitution of a trades union which authorizes the suspension of a member without notice of the charges against him and an opportunity to be heard in his defense is invalid, and a court of equity will restore to membership one so expelled, but without prejudice to the right of the local union to properly try the charges.

ACTION in equity to revoke the suspension of members of a trades union.

O'Brien & Powell, for plaintiffs.

George J. Skivington, for defendant.

THOMPSON, J.　The plaintiffs have been suspended from the defendant, a trades union, without notice, without opportunity to be heard or a trial.

Defendant asserts its authority for such action is to be found in section 30 of its constitution which reads as follows: "Any member of the Order advocating its disruption, or the withdrawal of any Local or other Assembly, shall by that act stand expelled from the Order. This shall also apply to any Local or other Assembly that permits the discussion of such a motion. The General Executive Board shall enforce this provision upon proof satisfactory of said offense of said Board, subject to appeal to the General Assembly."

While it is true, that the constitution and by-laws of a voluntary association constitute the sole rule which governs the relations between the association and its members, and that courts will not redress any action in expelling or suspending a member taken in accordance therewith, such proceedings must be conducted in good faith, upon notice to the accused, and an opportunity to be heard must be accorded him; otherwise a court of equity will reverse the action of the association and restore him to membership. *Austin* v. *Dutcher,* 56 App. Div. 393, 396.

Nor is he to be relegated to his remedy within the organization in such case, for it is only when the society has acted within the legal scope of its powers that equity will stay its hand. *Swaine* v. *Miller,* 72 Mo. App. 446.

In this case rule 30 which provides for the expulsion of a member summarily without notice, without trial, without preferment of charges in writing, without

hearing is invalid and all proceedings taken under it are void and without legal effect and a nullity. *Cotton Jammers & Longshoremen's Association No. 2 v. Taylor,* 23 Tex. Civ. App. 367.

The court in reviewing proceedings to discipline a member of a voluntary association or membership corporation will search the record to see whether the member has had fair notice and opportunity to be heard, and if so, it will not go into the facts to the end that it may substitute its judgment for that of the organization. But it will interfere at all times to see that the individual member under investigation shall have a proper notice of the charge against him and adequate opportunity to be heard in his defense, that a just determination may be reached. *People ex rel. Holmstrom* v. *Independent Dock B. B. Union,* 164 App. Div. 267.

The prayer of the plaintiff's complaint is granted in each case with one bill of costs. This determination, however, is without prejudice to the right of the local to properly try the plaintiffs upon the charges preferred against them. *Roberts* v. *Schifferdecker, as Pres., etc.,* 170 App. Div. 918; *Otto* v. *Tailors' P. & B. Union,* 75 Cal. 308; *People ex rel. Thacher* v. *New York Commercial Assn.,* 18 Abb. Pr. 271.

Judgment accordingly.