Solomon Brooks, Appellant, *v.* Jacob Engar, as President of the Soft Drink Workers Union, Local 368 of the International Union of United Brewery, Flour, Cereal and Soft Drink Workers of America, a Voluntary Association of More Than Seven Members, Respondent.

First Department, April 19, 1940.

*Copal Mintz*, for the appellant.

*William Karlin* of counsel [*Leo Greenfield* with him on the brief], for the respondent.

UNTERMYER, J. Although formal legal procedure is not required in connection with proceedings for the expulsion of members by such associations as the defendant, those rudimentary rights must be observed which are essential to any fair trial. Among these is the right of the accused member to confront and cross-examine any witnesses who appear against him. (*Reid* v. *Medical Society*, 156 N. Y. Supp. 780 [not officially reported]; affd., 177 App. Div. 939; *Cabana* v. *Holstein-Friesian Association*, 112 Misc. 262; on this point affirmed, 196 App. Div. 842; affd., 233 N. Y. 644. See, also, *Berizzi Co.* v. *Krausz*, 239 N. Y. 315.) In the present case the plaintiff was excluded while Louis Steinhauser, one of the witnesses who appeared before the executive board, gave his evidence. Even the identity of the witness was intentionally withheld from the plaintiff, for the minutes of the proceeding omit his name, and even these minutes were refused. It would seem that throughout the proceedings the plaintiff did not know and could not have ascertained that Steinhauser had testified against him nor the nature of his testimony. Furthermore, by excluding the plaintiff when Steinhauser's testimony was given, by suppressing his identity and by refusing to the plaintiff access to the minutes of the proceeding, the plaintiff was deprived of any opportunity effectively to present his appeal to the general executive board of the international union under section 11 of article III of its constitution.

The judgment should be reversed, with costs of this appeal, and judgment directed in favor of the plaintiff, adjudging his expulsion null and void and directing a new trial on the question of the plaintiff's damages, with costs to the appellant to abide the event.

MARTIN, P. J., and COHN, J., concur; DORE and CALLAHAN, JJ., dissent.

Judgment reversed, with costs of this appeal and judgment directed in favor of the plaintiff, adjudging his expulsion null and

void and directing a new trial on the question of the plaintiff's damages, with costs to the appellant to abide the event. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.