George T. Vandermeulen, Off. Ref.
The plaintiffs are employed by the Greater Buffalo Press, Inc. Each was a member in good standing of Buffalo Stereotypers ’ Union No. 25, the defendant herein.
After the expiration of the contract between the union and the employer on November 1, 1958, a new contract was not negotiated. On or about December 2,1958, each of the plaintiffs received a letter signed by the secretary of the union, advising them that the agreement had been terminated and members of the local union would be expected to co-operate if they wished to remain members in good standing.
On or about December 16,1958, each of the plaintiffs received a letter signed by A1 Pejka, the secretary, stating: “ You are charged with conduct unbecoming to a union man.”
The plaintiffs in concert sent a letter addressed to the president of Local 25 which requested in part:
1. The exact specifications to the charges including the time and dates of each alleged violation and
2. The exact date and time of any hearing or trials that might affect their status.
No reply to this letter was received. However, the plaintiffs were notified that they were to appear before a trial board on January 6, 1959. The plaintiffs presented themselves along with an attorney and a stenographer. The chairman of the trial board refused to allow the attorney and stenographer in the trial room. The plaintiffs remained in the trial room until they were informed that the trial board was about to convene and were instructed to leave the room, as was Pejka, the secretary. Pejka was then called in but the plaintiffs were refused admission. About five minutes later, Pejka left the trial room. Plaintiffs were then called in and asked whether they had any defense to the charges. A number of requests and demands were made by the plaintiffs concerning their rights.
These requests and demands are clearly set forth in the testimony. Suffice it to say, all requests were denied and they were advised by the board that if they had no defense, they could leave. They had had no opportunity to hear the testimony of Mr. Pejka, nor to cross-examine him. On January 25, 1959, at a meeting, the trial board reported to the membership that it found plaintiffs guilty, and subsequently they were expelled from the union.
*206 The main contention of the defendant’s counsel is that the plaintiffs have failed to demonstrate the need for judicial, intervention prior to the exhaustion of the appeal procedure. He claims the cases he cites are on all fours with the instant case. None of them apply to the instant case. It appears to me that the main question in this lawsuit is due process of law, which, under the Constitution of the United States, is supreme, notwithstanding the constitutions or rules of labor unions.
It was stated in Stuart v. Palmer (74 N. Y. 183, 191) that due process of law requires an orderly proceeding adapted to the nature of the case in which the citizen has an opportunity to be heard and to defend and protect his rights. A hearing or an opportunity to be heard is absolutely essential. We cannot conceive of due process of law without this.
In the case of Brooks v. Engar (259 App. Div. 333) the plaintiff was excluded while one of the witnesses who appeared before the executive board gave his evidence. The court stated at page 334: “ Although formal legal procedure is not required in connection with proceedings for the expulsion of members by such associations as the defendant, those rudimentary rights must be observed which are essential to any fair trial. Among these is the right of the accused member to confront and cross-examine any witnesses who appear against him. (Reid v. Medical Society, 156 N. Y. Supp. 780; affd., 177 App. Div. 939; Cabana v. Holstein-Friesian Association, 112 Misc. 262; on this point affirmed 196 App. Div. 842; affd., 233 N. Y. 644. See, also, Berizzi Co. v. Krauss, 239 N. Y. 315.) ” (See, also, Reilly v. Hogan, 32 N. Y. S. 2d 864, affd. 264 App. Div. 855; Rodier v. Huddell, 232 App. Div. 531; Roberts v. Shifferdecker, 170 App. Div. 918; Tesoriero v. Miller, 274 App. Div. 670.)
Judgment may be entered adjudging the expulsion of the plaintiffs null and void; reinstating the plaintiffs as members of good standing, and the defendants, its officers, members and agents be enjoined from enforcing the expulsion, with costs.