**LOCAL NO. 2, INTERNATIONAL BROTHERHOOD OF TELE-PHONE WORKERS**

v.

**INTERNATIONAL BROTHERHOOD OF TELEPHONE WORKERS**

and

**Alton S. MacDonald, Defendants.**

Civ. A. No. 66–432–C.

United States District Court
D. Massachusetts.

Dec. 15, 1966.

Warren H. Pyle, Boston, Mass., for plaintiff.

Joseph T. Doyle, Condon, O'Callaghan & Doyle, Boston, Mass., for defendants.

## OPINION

CAFFREY, District Judge.

This is a civil action brought by Local No. 2, International Brotherhood of Telephone Workers, against the International Brotherhood of Telephone Workers, seeking temporary and permanent restraining orders enjoining defendant International from suspending the charter

of Local No. 2, from suspending the authority of the officers of Local No. 2, and enjoining defendant Alton S. MacDonald from administering the affairs of Local No. 2.

The following appears from the amended verified complaint and the answer thereto: Jurisdiction of this court is based on the provisions of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 401, et seq. Both parties are labor organizations as defined in Sec. 3(i) of the Act. Local No. 2 has approximately 1,100 members. Defendant International has about 12,000 members. All members of both labor organizations are employees of the New England Telephone and Telegraph Company. Defendant Alton S. MacDonald is a resident of Boston and a member of the Executive Council of International.

On May 31, 1966, acting by its President, Gerald J. Walsh, the International caused a letter to be written and delivered to plaintiff which letter purported to "suspend the charter of Local Union No. 2 in that said Local refused to observe the decisions and instructions of the International Executive Council relative to the strike action of the Local on May 13, 1966. On the same day, International designated Alton S. MacDonald "to be in complete charge of all of the affairs of the Local," and made demand on the members and officers of Local No. 2 to turn over "all books, papers, money and property of the Local which is in your possession." Each officer of Local No. 2 was advised that he "no longer has any power to act in a representative capacity for any member under the jurisdiction of Local Union No. 2."

The matter came before the Court for hearing on plaintiff's motion for a temporary injunction and was orally argued by counsel, after which the parties filed briefs in support of their respective contentions. The crux of plaintiff's claim for equitable relief is its contention that, in legal effect, what the International did in "suspending" the charter of Local No. 2 and in installing MacDonald to take over and conduct all business of the Local was impose a trusteeship over the Local in such a way as to violate mandatory requirements of 29 U.S.C. § 462 and 29 U.S.C. § 464(c).

Jurisdiction exists in this court for the filing of a complaint of the type herein involved by a Local under the provisions of 29 U.S.C. § 464(a), which provides in pertinent part:

"Any * * * subordinate body of a labor organization affected by any violation of this subchapter * * * may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate."

29 U.S.C. § 402(h) defines "trusteeship" as follows:

" 'Trusteeship' means any receivership, trusteeship, or other method of supervision or control whereby a labor organization suspends the autonomy otherwise available to a subordinate body under its constitution or bylaws."

I rule that the action of the International on May 31, 1966 was the imposition of a trusteeship within the meaning of 29 U.S.C. § 402(h).

The next contention of plaintiff to be resolved is the argument that there has been a non-compliance by the International with the provisions of 29 U.S.C. § 462:

"Trusteeships shall be established and administered by a labor organization over a subordinate body *only in accordance with the constitution and bylaws of the organization which has assumed trusteeship * * *.*" (Emphasis added.)

Plaintiff urges that the constitution of the International, a copy of which is appended to the complaint as Exhibit A, contains no provision for the establishment of a trusteeship. An examination of this document shows that Article V, Section 4 thereof, empowers the International president "to suspend or revoke the charter of any Local Union that refuses to observe the law or decisions rendered by proper authority." I rule that

a necessary implication of this power to suspend a charter is the power to take over the supervision and operation of the affairs of the Local during the vacuum created by the suspension of the charter, i.e., impose a trusteeship.

This ruling, in turn, raises the question whether or not a trusteeship so created complies with the provisions of 29 U.S.C. § 464(c):

> " * * * trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws * * *."

I rule that the constitution of the International does not contain any procedural requirements for the establishment of a trusteeship and that, on the contrary, the constitution provides only for an appellate review procedure. In United Bro. of Carpenters & Joiners of America v. Brown, 343 F.2d 872 (10th Cir.1965), the Court struck down a trusteeship established under an International constitution with a provision in its constitution which stated in pertinent part:

> "The General Executive Board is empowered to take such action as is necessary and proper for the welfare of the [Union], subject, however, to the right of appeal to the next General Convention." (p. 878, n. 4.)

The Court ruled that Section 462 "requires at the very least that the organization's constitution and bylaws set forth the circumstances under which a trusteeship may be established over its local unions and the manner or procedure in which it is to be imposed." (p. 882.)

I rule that Article V, Section 4, of the constitution of the defendant herein, complies with one of the requirements of Section 462, namely, that it set out the circumstances under which a trusteeship may be established, but it fails to set out the manner or procedure under which a trusteeship is to be imposed. The Court of Appeals for the Ninth Circuit has ruled that by reason of the prohibitions of Section 462 an International Union has no inherent right to establish a trusteeship over a Local absent an express constitutional provision authorizing such action. Flight Engineers International Assn., etc. v. Continental Air Lines, 297 F.2d 397 (9th Cir.1961), cert. denied 369 U.S. 871, 82 S.Ct. 1141, 8 L.Ed.2d 276.

The legislative history of the Act shows that one of the purposes of Congress in enacting the Labor-Management Reporting and Disclosure Act was to place limitations on the right of International Unions to place Local Unions in trusteeships,[1] and it certainly intended that constitutional provisions allowing the imposition of a trusteeship should be more specific and complete than this one. For these reasons I rule that Article V, Section 4 of the International's constitution fails to meet the requirements of Section 462 of the Act and that, therefore, the trusteeship imposed on the basis of such a defective constitution is invalid and should be dissolved.

On the facts of the instant case the trusteeship must fail for a second reason, namely, non-compliance with 29 U.S.C. § 464(c), which provides in pertinent part:

> "In any proceeding pursuant to this section a trusteeship established by a labor organization in conformity with the procedural requirements of its constitution and bylaws and authorized or ratified after a fair hearing * * *."

The legislative history of the Act shows that the fair hearing provision in Section 464(c) was intended to apply to the trusteeship situation independently of the full and fair hearing requirement of the "Bill of Rights" provisions found in Sec. 411(a) (5).

Senate Report No. 187 on S. 1555, supra, in referring to trusteeships, states:

> "The legal theory applied by the courts is often inadequate. A trusteeship will ordinarily be set aside unless the Local is given a fair hearing including

---

1. Senate Report No. 187 to accompany S. 1555, 2 U.S.Code Cong. and Adm.News, 86th Cong., 1st Sess., 1959, p. 2333.

notice of the charges and an opportunity to defend."

In Parks v. Inter. Bro. of Elec. Workers, 314 F.2d 886 (4th Cir.1963), cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142, the Court, in finding that a fair hearing was required before a Local's charter could be revoked, held that the revocation constituted "discipline" of the members of the Union within the meaning of Sec. 411(a) (5) of the Act, and that consequently the "full and fair hearing" requirement of that section attached to the charter revocation situation. Such a construction would furnish the grounds for the requirement of a fair hearing in the instant trusteeship, but we need not go that far afield, since Section 464(c) contains a fair hearing provision intended explicitly for the trusteeship situation. While it is clear that the primary function of Sec. 464(c) is to establish a presumption of the validity of a trusteeship for a period of 18 months from the date of its establishment, that presumption does not arise unless a fair hearing is held at the time of the imposition of the trusteeship. The necessary implication of this section is that any trusteeship imposed without a fair hearing is invalid. To so construe Section 464(c) is in accordance with the intent of Congress to limit the power of Internationals in imposing trusteeships on Locals, and to require definite procedural standards that must be met. Therefore, I rule that a trusteeship imposed without a fair hearing violates Section 464(c) of the Act.

█ It is clear from the record in this case that no hearing was conducted prior to the imposition of the trusteeship but that a hearing looking to ratification was scheduled for June 7 and then adjourned to June 16, 1966, at which time the officers of Local No. 2 appeared with counsel and were informed that a hearing would be held but that counsel would not be allowed to participate and that Local No. 2 would not be allowed to cross-examine any witnesses that appeared and testified. There is a considerable body of authority that a hearing at which the right of cross-examination is denied is neither a fair nor a full hearing within the meaning of 29 U.S.C. 464(c), and I so rule. Parks v. Inter. Bro. of Elec. Workers, 314 F.2d 886 (4th Cir.1963), cert. denied 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142; Anderson v. Brotherhood of Carpenters, 47 L.C. par. 18,400 (D.Minn.1963); Sloan v. Braun, 20 Misc. 2d 204, 191 N.Y.S.2d 213 (N.Y.Sup.Ct. 1956); Brooks v. Engar, 259 App.Div. 333, 19 N.Y.S.2d 114 (1940); Harmon v. Matthews, 27 N.Y.S.2d 656 (N.Y.Sup. Ct.1941); Ames v. Dubinsky, 5 Misc.2d 380, 70 N.Y.S.2d 706 (1947); Schouten v. Alpine, 77 Misc. 19, 137 N.Y.S. 380 (1912); Cason v. Glass Bottle Blowers Assn., 37 Cal.2d 134, 231 P.2d 6, 21 A. L.R.2d 1387 (1951).

Plaintiff's motion for a temporary injunction is allowed.